IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CT-3011-FL

| | | |
|---|---|---|
| BRADFORD LEE BRADSHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CPL WILLIE and DEPUTY VANN, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a pretrial detainee, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. The matter comes before the court for review pursuant to 28 U.S.C. § 1915. Also before the court are plaintiff's motion to appoint counsel (DE 6), motions to amend (DE 9, 11), and motion for a preliminary injunction and temporary restraining order (DE 10).

The court begins with plaintiff's motion to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist

him."). Because plaintiff's claim is not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

The court now turns to plaintiff's motions to amend his complaint. The court ALLOWS these motions as a matter of course. See Fed. R. Civ. P. 15(a); Scinto v. Stansberry, 507 F. App'x 311, 312 (4th Cir. 2013).

The court now turns to its frivolity review of plaintiff's complaint and amended complaint. Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff brings this action against Corporal Willie and Deputy Vann, two officers employed by the Sampson County Detention Center. (Compl. p. 2). Plaintiff contends that on April 30, 2015, the toilet in his cell began to leak, causing the floor to become wet. (Am. Compl. pp. 2-3). Hayes and Wiley were notified of this leak, and periodically arranged for plaintiff's cell to be mopped. (Id. at p. 3). On May 4, 2015, plaintiff alleges that he "got up [while he] was still half asleep, not thinking and slipped in the water, which was covering about half the floor." Id. He contends that he injured his back, left wrist and left elbow when he fell (Id.) Plaintiff was moved to another cell, and received ongoing medical treatment for his injuries. (Id.; Pl. Ex. A-H.).

Courts evaluate confinement conditions of pretrial detainees under the due process clause of the Fourteenth Amendment, rather than under the Eighth Amendment. See, e.g., Bell v. Wolfish, 441 U.S. 520, 534 n.16 (1979). As a practical matter, the analysis under the due process clause and the analysis under the Eighth Amendment is materially indistinguishable. See, e.g., Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999); Riley v. Dorton, 115 F.3d 1159, 1166–67 (4th Cir. 1997) (en banc), abrogated on other grounds by Wilkins v. Gaddy, 130 S. Ct. 1175 (2010) (per curiam). "In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted); see Grayson, 195 F.3d at 695. The first prong is an objective one-the prisoner must show that "the deprivation of [a] basic human need was objectively sufficiently serious" – and the second prong is subjective–the prisoner must show that "subjectively the officials act[ed] with a sufficiently culpable state of mind." Id. (internal quotations omitted).

3

Case 5:16-ct-03011-FL   Document 14   Filed 03/25/16   Page 3 of 6

To meet the subjective prong, a plaintiff must show that the official acted with deliberate indifference. See, e.g., Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998); Strickler, 989 F.2d at 1379. "[D]eliberate indifference entails something more than mere negligence, [but it] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Deliberate indifference "requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm." Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997); see Farmer, 511 U.S. at 837; Estelle v. Gamble, 429 U.S. 97, 104–05 (1976); Waybright v. Frederick Cnty., 528 F.3d 199, 206 (4th Cir. 2008).

"[P]rison officials . . . must take reasonable measures to guarantee the safety of the inmates." Farmer, 511 U.S. at 832–33 (internal quotation and citation omitted). A prison official will not be liable for a failure to protect an inmate "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Plaintiff's allegations fall far short of this standard. As noted above, defendants implemented measures to clean plaintiff's cell when his toilet started leaking. (Am. Compl., p. 3). At most, plaintiff's allegations could be construed as negligence, and alleged negligence conduct is insufficient to state a § 1983 claim. See, e.g., County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections); see also, Beasley v. Anderson, 67 Fed. App'x 242, 242 (5th Cir. 2003) (finding prisoner's claim that he slipped and fell on slippery shower floor sounded in negligence and was insufficient to allege a

4

constitutional violation); Rankins v. Hargrave, No. 3:14-cv-194-FDW, 2014 WL 1910792, at *3 (W.D.N.C. May 13, 2014) (citing LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993)); Bey v. Bailey, No. 3:11-cv-489-RJC, 2013 WL 2480661, at *2 (W.D.N.C. June 10, 2013) ("[C]ourts have repeatedly held that slip and fall cases do not implicate the Constitution.") (citing Bacon v. Carroll, 232 F. App'x 158, 160 (3d Cir. 2007)).

Likewise, the fact that the toilet in plaintiff's cell leaked, forcing him to sleep in a room with a wet floor, fails to establish a constitutional violation. See, e.g., Bell v. Wolfish, 441 U.S. 520, 537 (1979) ("[T]he fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment .'"); see, e.g., Bevarti v. Smith, 120 F.3d 500, 504 (4th Cir. 1997) (holding that where inmates were kept in solitary confinement in cells infested with vermin, smeared with human feces and urine, flooded with water, and unbearably hot, received cold food and in small portions, infrequently received clean clothing, linen and bedding, were only permitted to leave their cells three to four times per week, and were denied outside recreation, educational, or religious services, conditions in administrative segregation were not so atypical that exposure to them for six months imposed significant hardship in relation to ordinary incidents of prison life, as required to support claim that segregation violated inmates' procedural and substantive due process rights); Harris v. Fleming, 839 F.2d 1232, 1236 (7th Cir.1988) ("Inmates cannot expect the amenities, conveniences and services of a good hotel.").

Finally, to the extent plaintiff complains about the medical care he received following his accident, this claim also fails. Deliberate indifference to a prisoner's serious medical needs violates the prisoner's Eighth Amendment rights. See, e.g., Estelle v. Gamble, 429 U.S. 97, 104–05 (1976).

5

To prove such a claim, plaintiff "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to [his] 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle, 429 U.S. at 104). A prisoner, however, is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 318–19 (4th Cir. 1975) (per curiam). Likewise, mere negligence in diagnosis or treatment does not state a constitutional claim. Estelle, 429 U.S. at 105–06.

In this case, received medical treatment for the injuries he sustained after his May 4, 2015 fall. (Pl. Ex. A-E). As non-medical prison personnel, defendants were entitled to rely on the expertise of health care providers with respect to the healthcare provided plaintiff. See Iko, 535 F.3d at 242 ("'If a prisoner is under the care of medical experts ..., a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands.'") (alteration in original) (quoting Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004)); Lee v. Young, 533 F.3d 505, 511 (7th Cir. 2008) ("[I]n determining the best way to handle an inmate's medical needs, prison officials who are not medical professionals are entitled to rely on the opinions of medical professionals.") Thus, plaintiff fails to state a claim arising out of his medical care against defendants.

In summary, plaintiff's motion to appoint counsel (DE 6) is DENIED and plaintiff's motions to amend (DE 9, 11) are GRANTED. The court DISMISSES the action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because the court dismissed this action, plaintiff's motion for preliminary injunction and temporary restraining order (DE 10) is DENIED as MOOT. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 25th day of March, 2016.

*[signature]*
LOUISE W. FLANAGAN
United States District Judge